OPINION OF THE COURT
Samuel M. Levine, J.
These claims were tried jointly.
Judgment is granted dismissing both claims arising out of the same relevant facts.
Plaintiff allegedly received a gift from defendant Fiveson (a family friend) for a membership in defendant On Line Fitness *821 Club. Fiveson paid $500 to the Fitness Club. Plaintiff seeks to recover $25 from defendant Fiveson and $500 from defendant On Line Fitness Club.
Plaintiff waived her rights to sue in any court based on the same relevant facts and claim. This waiver was contained in an agreement to arbitrate in the television program known as “People’s Court.” Judge Sheindlin, in effect, dismissed her claim and paid both parties each a $250 fee for their participation in the televised arbitration.
Defendant Fiveson is entitled to the refund of $500 from defendant On Line, since plaintiff failed to utilize the membership privileges and in effect canceled same.
The court’s attention was called to the great number of claims previously filed in the District Court at Hicksville by the plaintiff. (Nineteen claims by Gina Fotiadis from 1990 to 1999 and eight claims by her mother from 1991 to 1997.)
At the trial, she could not recall how many claims were won or lost. Many may have been frivolous.
This court feels that the plaintiff has engaged in frivolous conduct in using and abusing the process of the court and small claims case procedures. It notes, however, that Rules of the Chief Administrator of the Courts (22 NYCRR) part 130— “Costs and Sanctions” — does not apply to small claims cases. The court recommends an amendment allowing part 130— “Costs and Sanctions” — to be applied to small claims and commercial claims. Many litigants misuse these laws by bringing frivolous claims to harass or oppress or for other ulterior motives.
The court, however, does have the use of UDCA 1810 in situations such as the present case. This court finds that this plaintiff has in fact abused the privilege of bringing small claims in this court and has previously and unsuccessfully filed claims with no merit. The above claims have no merit, as indicated herein.
This court determines that this plaintiff, Gina Fotiadis, is denied the use of the Small Claims Parts in this court (all Districts) without first obtaining permission of a Judge to prosecute the claim.